UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARREN MICHAEL BRIN

                Plaintiff,

v.

KING COUNTY; SHERIFF PATTI COLE-TINDALL, in her official capacity; DETECTIVE CHRISTOPHER WYZYKOWSKI, individually and in his official capacity; JOHN/JANE DOE KCSO CIVIL PROCESS DEPUTIES, et al,

                Defendants.

CASE NO.

CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 FOR UNREASONABLE SEIZURE AND DUE PROCESS VIOLATIONS ARISING FROM SHERIFF ENFORCEMENT AFTER ACTUAL NOTICE

## I.  NATURE OF ACTION

This is a civil rights action under **42 U.S.C. § 1983** arising from King County Sheriff's Office enforcement conduct after actual notice that the prior writ of restitution in the same case had already been executed and returned.

This action is not based on the landlord's private claims, the merits of the unlawful detainer action, or any collateral attack on a landlord dispute. It is based on independent Sheriff/KCSO conduct: enforcement after actual notice, internal knowledge, and prior execution records.

## II. PARTIES

Plaintiff Darren Michael Brin is an individual residing in King County, Washington.

Defendant King County is a municipal entity responsible for the policies, practices, supervision, training, and conduct of the King County Sheriff's Office and its Civil Process Unit, including failure to implement procedures requiring verification of prior execution and return before enforcement

Defendant Sheriff Patti Cole-Tindall is sued in her official capacity as the head of the King County Sheriff's Office.

Defendant Detective Christopher Wyzykowski is sued individually and in his official capacity. At all relevant times, he acted under color of state law as a King County Sheriff's Office detective involved in the execution and return of writs of restitution concerning Plaintiff's residence.

Doe Defendants are KCSO Civil Process deputies, or personnel who received notice, reviewed records, authorized enforcement, failed to stop enforcement, or participated in the January 5, 2026 execution.

Other KCSO deputies participated in or witnessed the first execution and may possess relevant knowledge regarding the restoration of possession, the condition of the premises, the execution process, and communications with Plaintiff and Lisa. Plaintiff does not presently name those deputies individually unless discovery shows they personally participated in the January 5, 2026 enforcement decision or knowingly disregarded actual notice.

## III. STATEMENT OF FACTS

On or about October 23, 2025, KCSO executed the first writ of restitution concerning Plaintiff's residence. Detective Christopher Wyzykowski was involved in that execution and signed the Restoration of Possession form as a witness for Renton Sage Manager Brian Biladeau. The first writ was returned to the court on October 31, 2025, by Wyzykowski.

Detective Wyzykowski stated in writing, twice, in KCSO PRA request that the writ had already been executed and returned, and that a new writ would be required.

KCSO personnel had both external notice from Plaintiff and internal confirmation from the executing detective that the writ had already been executed and returned, yet no action was taken to verify, pause, or prevent enforcement.

On November 18, 2025, Plaintiff provided written notice to KCSO's Civil Process Unit concerning the defect and the prior execution/return.

KCSO had approximately 48 days between Plaintiff's November 18, 2025 notice and the January 5, 2026 execution.

Despite actual notice from Plaintiff, internal knowledge from Detective Wyzykowski, and the prior return record, KCSO proceeded with the January 5, 2026 enforcement.

The same detective was tied to both execution records.

The January 5, 2026 enforcement caused Plaintiff to be dispossessed from his residence and deprived of access to his property.

Plaintiff has self-mitigated for more than 110 days.

### IV. CLAIM ONE — FOURTH AMENDMENT UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983

A seizure of property occurs when government action meaningfully interferes with a person's possessory interests. In *Soldal v. Cook County*, the United States Supreme Court held that sheriff-assisted eviction conduct can implicate the Fourth Amendment when it results in seizure or removal of property, even in a civil eviction context.

KCSO acted under color of state law when it enforced the January 5, 2026 writ. By enforcing the writ after actual notice that the prior writ had already been executed and returned, Defendants unreasonably interfered with Plaintiff's possessory interests in his residence and property.

## V.  CLAIM TWO — FOURTEENTH  AMENDMENT UNDER 42 U.S.C. § 1983

Plaintiff had protected property interests in his residence, possessions, and continued access to his property.

Defendants deprived Plaintiff of those interests after actual notice that enforcement was defective, without adequate review, correction, pause, or process.

The deprivation was not merely private landlord conduct. It was government enforcement by Sheriff personnel after actual notice.

## VI.  MUNICIPAL LIABILITY

King County is liable because the deprivation resulted from KCSO Civil Process practices, supervision failures, training failures, or enforcement customs allowing execution to proceed despite actual notice, internal records, and prior return documentation.

## VII.  DAMAGES

Plaintiff suffered displacement, loss of use of housing, loss of access to property, property damage and loss, out-of-pocket mitigation costs, financial harm, and other damages caused by the January 5, 2026 enforcement. Plaintiff has been displaced for over 110 days and has been forced to self-mitigate housing and property losses without assistance.

## VIII.  PRAYER FOR RELIEF

Plaintiff requests compensatory damages, declaratory relief, interim mitigation, costs, attorney's fees if applicable, and any other relief the Court deems just.

**I, Darren Michael Brin, declare under penalty of perjury in the state of Washington and the United States of America, that everything written in this Complaint is the truth the whole truth and nothing but the truth so help me GOD.**

**EXECUTED/SIGNED on this 30th day of April, 2026, at Renton, Washington.**

**BY**_____

**Darren Michael Brin, Plaintiff, Pro Se**