UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARREN MICHAEL BRIN,

Plaintiff,

v.

KING COUNTY et al.,

Defendants.

CASE NO. 2:26-cv-01498-JNW

ORDER

This matter comes before the Court on Plaintiff Darren Michael Brin's motion for an emergency temporary restraining order to stay an "eviction, displacement, or property disposal action" scheduled to take place tomorrow—May 2, 2026. Dkt. No. 2 at 1. Brin states that he has been displaced and living in a hotel for the last 113 days, that his funds for temporary housing exhaust today, and that tomorrow Defendants will carry out a writ of execution against his property. *Id.* He seeks ex parte relief— relief issued without notice to Defendants before they have a chance to respond.

Federal Rule of Civil Procedure 65(b)(1) allows a court to issue a TRO without notice to the adverse party only if the movant provides "specific facts in an

ORDER - 1

affidavit or a verified complaint" demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The movant must also certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The Local Civil Rules reinforce this rule, noting that motions for TROs "without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

Brin's motion fails to meet this heightened standard. He states that Defendants are aware of the "invalidity of the writ," but that is not the same as notice of this motion. Dkt. No. 2 at 3. *See* Fed. R. Civ. P. 65(b)(1). On this record, the Court does not find that Brin's case falls within those "very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (preliminary injunctive relief is an "extraordinary remedy never awarded as of right").

Even setting aside the notice deficiency, Brin's motion does not establish the elements required for preliminary injunctive relief. He offers conclusory assertions that the writ of execution is "invalid" but does not identify the legal basis for that claim, demonstrate a likelihood of success on the merits, or explain how the alleged harm is irreparable rather than compensable through damages. *See Winter*, 555 U.S. at 20.

Accordingly, Plaintiff's motion for a temporary restraining order is DENIED without prejudice. Dkt. No. 2.

ORDER - 2

Dated this 1st day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 3