UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN MICHAEL BRIN, | CASE NO. 2:26-cv-01498-JNW |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Darren Michael Brin's two motions for a temporary restraining order. Dkt. Nos. 4, 10.

The Court denied Brin's first motion for an ex parte emergency temporary restraining order on May 1, 2026, Dkt. No. 2, citing defective notice and failure to satisfy the requirements for preliminary injunctive relief, Dkt. No. 3. Brin filed a renewed motion later that same day. Dkt. No. 4. In his renewed motion, Brin argues that he did provide Defendants with timely notice of his motion. Dkt. No. 4 at 2 ("Defendants were provided actual notice of the Emergency TRO Motion at 3:05 pm on May 1, 2026"). The Court need not resolve the notice issue, however, because even setting aside procedural concerns, Brin's renewed motion still does not clearly

ORDER - 1

satisfy the *Winter* factors. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (requiring a "clear showing" that plaintiff is entitled to relief). Brin's motion devotes a paragraph to discussing the second *Winter* factor—irreparable harm—but wholly ignores the other factors, including the first factor, which "is a threshold inquiry and the most important factor." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (citation modified). The motion is DENIED. Dkt. No. 4.

On May 5, 2026, Brin filed another motion for a temporary restraining order—his third—and an order to show cause, Dkt. No. 10, seeking preservation of property that was obtained by Defendants after carrying out an allegedly unlawful writ of execution of Brin's property on January 5, 2026. Brin's latest motion suffers from the same procedural and substantive deficiencies as before. He does not provide proof of service. Brin does asserts that "Defendants have now received notice of this federal action," but that is not the same as notice of his most recent TRO motion.

As the Court has previously explained, it can only issue a TRO without notice to the adverse party if the movant provides "specific facts in an affidavit or a verified complaint" demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The movant must also certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The Local Civil Rules reinforce this rule, noting that motions for TROs "without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

ORDER - 2

More importantly, Brin does not meet the elements required for preliminary injunctive relief. *Winter*, 555 U.S. 7, 24 (preliminary injunctive relief is an "extraordinary remedy never awarded as of right"). He argues that the writ of execution carried out on January 5, 2026, was unlawful because the writ had already been executed and therefore "depended on [a] legal impossibility." But this is a legal conclusion—he provides no argument, authority, or factual allegations from which the Court can conclude that the writ is *clearly* unlawful. Dkt. No. 10 at 3. Because Brin's motion does not identify the legal basis for his claim, demonstrate a likelihood of success on the merits, or explain how the alleged harm is irreparable rather than compensable through damages, *see Winter*, 555 U.S. at 20, the Court DENIES the motion. Dkt. No. 10.

Finally, the Court notes that Brin has left voicemail messages on the Court's afterhours emergency phone line. The afterhours line is reserved for emergencies that require immediate judicial action that cannot be addressed during normal business hours. Brin is cautioned that misuse of the afterhours line may result in sanctions. Brin is directed to comply with this Court's procedures going forward.

Dated this 7th day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 3