UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN MICHAEL BRIN, | CASE NO. 2:26-cv-01498-JNW |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY et al., | |
| Defendants. | |

Plaintiff Darren Michael Brin moves to disqualify this Court, citing 28 U.S.C. § 455(a). Dkt. No. 28.

If a party moves to recuse under 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). A federal judge must disqualify themself from any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is also required when a party files a "timely and sufficient affidavit that the judge before whom [their] matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of

ORDER - 1

all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quote omitted).

"[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). "If the challenged judge decides not to voluntarily recuse, [they] will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f).

Under Canon 3C(1)(d)(i) of the Code of Conduct for the United States Judges, a judge's impartiality might reasonably be questioned if they are a party to the proceeding. But if "[a] litigant with a case pending before a judge" responds to an adverse ruling by suing the judge, that judge is "not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant." Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based on Harassing Claims Against Judge (June 2009). "A complaint filed against a judge that is subject to prompt dismissal on judicial immunity grounds will not ordinarily give rise to a reasonable basis to question the judge's impartiality in unrelated cases filed against others by the same litigant." *Id.* In this instance, "a nonmeritorious complaint, standing alone, *will not* lead reasonable minds to conclude that the judge is biased against the litigant or that the judge's impartiality can reasonably be questioned, and this will not require the judge to recuse." *Id.* (emphasis added).

ORDER - 2

Brin argues this Court has not meaningfully reviewed his motions in this matter, causing him procedural prejudice and ongoing harm. Dkt. No. 28 at 1. Since initiating this case, Brin has filed four iterations of the same motion for a temporary restraining order within a few weeks. Dkt. Nos. 2, 4, 10, 25. He seeks preservation of property seized pursuant to a writ of execution that took place on January 5, 2026. *See generally,* Dkt. No. 28. The Court denied Brin's motions, Dkt. Nos. 3, 10, explaining why they did not meet the standards for a temporary restraining order. After Brin filed yet another motion seeking the same relief and reasserting the same arguments, Dkt. No. 25, the Court denied the motion in a text order, Dkt. No. 27. On May 8, 2026, Brin filed a motion for reconsideration of the Court's order denying relief, Dkt. No. 16, which the Court has now denied. Brin takes issue with the fact that the Court denied his fourth motion for a temporary restraining order, before ruling on a motion for reconsideration of a previous order of denial. The motions repeat the same arguments and requests for relief, and thus the sequence in which the Court denied the motions did not impact its decision. Nor is this a reason for disqualification. Reasonable minds would not question the Court's impartiality under these circumstances; thus, the Court declines to voluntarily recuse itself from this matter.

ORDER - 3

The undersigned DECLINES to recuse voluntarily. The motion to disqualify, Dkt. No. 28 is REFERRED to United States District Chief Judge David Estudillo for decision.

Dated this 18th day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 4