UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREN MICHAEL BRIN,

                Plaintiff,

      v.

KING COUNTY et al.,

                Defendants.

CASE NO. 2:26-cv-01498-JNW

ORDER AFFIRMING JUDGE WHITEHEAD'S DENIAL OF RECUSAL (DKT. NO. 30)

This matter comes before the Court on the Honorable Judge Jamal Whitehead's denial (Dkt. No. 30) of Plaintiff's motion for his recusal (Dkt. No. 28). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Whitehead's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

ORDER AFFIRMING JUDGE WHITEHEAD'S DENIAL OF RECUSAL (DKT. NO. 30) - 1

bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff's motion to recuse is based on "non-adjudication, procedural prejudice, and ongoing harm."  (Dkt. No. 28 at 1.)  Plaintiff asserts Judge Whitehead denied or did not consider several of his motions.  (*Id*. at 2.)  He asserts "Judge Whitehead relied on orders that Dkt. No. 17 directly challenged while refusing to adjudicate Dkt. No. 17" and "treated materially different emergency relief as repetitive," creating "an objective appearance of partiality and procedural prejudice."  (*Id*.)  Plaintiff requests "fresh review" of this matter on an expedited basis.  (*Id*. at 3.)

As Judge Whitehead's order denying recusal explains, none of these reasons create an appearance of bias to an objective observer, and none support recusal.  While Plaintiff attempts to supplement his original motion to recuse (*see* Dkt. No. 32), the Court finds Plaintiff's motion to recuse and his supplemental filing are fundamentally based on his disagreements with Judge Whitehead's rulings.  Adverse rulings cannot serve as the basis for a recusal motion.  *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal"); *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias.").

Plaintiff provides no evidence that would lead a reasonable person to question Judge Whitehead's impartiality.  Accordingly, the Court AFFIRMS Judge Whitehead's denial (Dkt. No. 30) of Plaintiff's motion for recusal (Dkt. No. 28).

Dated this 26th day of May, 2026.

David G. Estudillo
United States District Judge

ORDER AFFIRMING JUDGE WHITEHEAD'S DENIAL OF RECUSAL (DKT. NO. 30) - 3