UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARREN MICHAEL BRIN,

Plaintiff,

v.

KING COUNTY et al.,

Defendants.

CASE NO. 2:26-cv-01498-JNW

ORDER STAYING CASE AND STRIKING PENDING MOTIONS

The Court raises this matter on its own to address the jurisdictional significance of pro se Plaintiff Darren Michael Brin's Notice of Appeal to the Ninth Circuit. Dkt. No. 34. Upon review, the Court concludes that this action must be STAYED pending the resolution of the appeal.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[W]hen interlocutory appeals occur, a district court has broad discretion to stay proceedings for purposes of efficiency." *Spencer v. Milan*, No. 1:20-CV-00682 JLT GSA (PC), 2024 WL 3793441, at *4 (E.D. Cal. Aug. 13, 2024) (citing *Filtrol*

*Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)). In determining whether a stay is appropriate, courts must weigh the damages a stay may cause, the hardship of being required to go forward, and the orderly course of justice. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The Court concludes that a stay is appropriate because Brin's appeal involves issues whose resolution is essential to the continued adjudication of this suit. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Here, "the entire case is essentially 'involved in the appeal[.]'" *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) (quoting *Griggs*, 459 U.S. at 58).

A review of the procedural posture supports this conclusion. Brin does not just appeal four orders denying emergency relief; he challenges the undersigned's authority to have entered them. Once his disqualification motion was pending under Local Civil Rule 3(f), he says, the Court's role was "limited to the recusal procedure," yet the Court denied reconsideration seven minutes before referring the motion. Dkt. No. 34 at 1–2. Right or wrong, that argument asks the Ninth Circuit to decide whether the undersigned may act in this case at all. Until it answers, this Court cannot move forward. The appeal reaches Brin's pending motions as well—they seek the same preservation, property, and interim-mitigation relief the appealed orders denied. *Compare id. with* Dkt. Nos. 39, 44, and 46. Brin seems to agree, asking in the alternative for an indicative ruling "to the extent the pending appeal limits jurisdiction." Dkt. No. 46 at 3.

Brin has moved for an indicative ruling under Federal Rule of Civil Procedure 62.1(a) that this Court would, upon remand, grant his TRO motions. Rule 62.1 provides a method for the district court to tell the circuit court that it would grant relief on a motion had the notice of appeal not divested the district court of jurisdiction. *See* Fed. R. Civ. P. 62.1(a)(3). Brin provides no authority for why this Court would grant such relief. Dkt. Nos. 39, 44, 46.

Finally, Defendants ask the Court to place filing restrictions on Brin and to order him to stop directly communicating with persons represented by counsel. Dkt. No. 52 at 7–8. The Court will not impose filing restrictions given the stay in proceedings—the case is halted and there is nothing for a restriction to restrain. And the Court declines to reach the communications request while the case is stayed. Defendants may renew both requests if the case resumes. However, the Court reminds Brin that pro se litigants must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly, the Court ORDERS as follows:

1. This case is STAYED in its entirety pending the Ninth Circuit's resolution of Brin's appeal. Dkt. No. 34. Proceedings will resume once the mandate issues, and either party may move to lift the stay.
2. Brin's motion for emergency indicative relief under Rule 62.1 are DENIED. Dkt. Nos. 39, 44, 46. Those motions are STRICKEN in all other respects.
3. The parties' dispositive motions are STRICKEN without prejudice to renoting after the stay lifts. Dkt. Nos. 47, 49.

4. Defendants' motion to stay deadlines is STRICKEN. Dkt. No. 52, but the deadlines set in the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement are STRICKEN by virtue of the stay.
5. Defendants' requests for pre-filing restrictions and for an order regarding communications with represented persons are DENIED without prejudice.

Dated this 20th day of July, 2026.

Jamal N. Whitehead
United States District Judge